**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Trevor C. Coon,

        Plaintiff,

vs.

McLeod County; City of Hutchinson; and
Officer Chad Kucza, Officer Mark
Hanneman, Officer Steven Sickmann,
Sergeant Benjamin Erlandson, and Deputy
Billy Kroll,  in their individual and official
capacities,

        Defendants.

Court File No.


**COMPLAINT WITH**
**JURY DEMAND**

---

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Minnesota, against McLeod County and McLeod County Sheriff's Deputy Kroll, in his individual and official capacities, and City of Hutchinson and Hutchinson Police Officers Kucza, Hanneman, Sickmann, and Erlandson, in their individual and official capacities.

2. It is alleged that Defendants made an unreasonable search and seizure of Plaintiff's person and property and unlawfully deprived Plaintiff of his property, violating his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. It is further alleged that Defendants falsely arrested Plaintiff and converted his property under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Trevor Coon was at all material times a resident of the State of Minnesota and of full age.

6. Defendant Police Officers Kucza, Hanneman, Sickmann, and Erlandson were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of  Hutchinson, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Hutchinson.

7. Defendant Deputy Kroll was at all times relevant to this complaint duly appointed and acting deputy of McLeod County, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the McLeod County.

8. The City of Hutchinson, Minnesota, is a municipal corporation and the public employer of Defendant Officers Kucza, Hanneman, Sickmann, and Erlandson. Defendant City of

Hutchinson is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

9. McLeod County, Minnesota, is a municipal corporation and the public employer of Defendant Deputy Kroll. Defendant McLeod County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

## **FACTS**

10. On the evening of December 13, 2013, Plaintiff Trevor Coon received a telephone call from his acquaintance Michael Freund. Mr. Freund told Mr. Coon that he needed a ride home from a residence located on High Street in Hutchinson, MN, and asked Mr. Coon if he could help him out and give him a ride home. Mr. Coon agreed to help Mr. Freund and drove out to the residence on High Street to pick him up.

11. When Mr. Coon got to the residence, he waited for Mr. Freund outside for a short period, at which point Mr. Freund exited the residence and entered the passenger seat of Mr. Coon's car. Next, Mr. Coon proceeded to drive to Mr. Freund's home, located on Errie Street, a short distance away from the residence on High Street.

12. Shortly after, Mr. Coon and Mr. Freund reached Mr. Freund's residence, and Mr. Coon legally parked his vehicle across the street from Mr. Freund's house. Mr. Coon did not commit any crimes or traffic violations while en route to Mr. Freund's home. Mr. Freund then invited Mr. Coon inside, and Mr. Coon agreed to visit with Mr. Freund at his home. Mr. Coon then turned off his vehicle, and Mr. Coon and Mr. Freund then both exited the vehicle and started to cross the street towards Mr. Freund's residence.

3

13. Once Mr. Coon stepped on Mr. Freund's front lawn, he heard someone yell out, "Hey!" Mr. Coon immediately stopped, turned his head, and saw Defendant Deputy Kroll nearby. Mr. Coon reasonably believed that it was Deputy Kroll who yelled towards him and Mr. Freund and that Deputy Kroll wanted Mr. Coon to stop. Based on these facts, Mr. Coon reasonably believed that he was not free to leave and that he was being seized by Deputy Kroll. Deputy Kroll then yelled out, "Tell your friend to stop!" At this point, Mr. Freund also stopped moving.

14. Based on the facts above, Deputy Kroll seized Mr. Coon under the Fourth Amendment to the United States Constitution. However, at the time of the seizure, Deputy Kroll did not possess any facts, reasonable suspicion, or probable cause to believe that Mr. Coon or Mr. Freund had committed any traffic violations or were engaged in any criminal activities.

15. Deputy Kroll then approached Mr. Coon and Mr. Freund and started to question them about their identities and activities. At the time of the seizure, Deputy Kroll knew that Mr. Coon was driving the vehicle. Deputy Kroll also did not observe Mr. Coon or Mr. Freund engage in any criminal or suspicious activities, did not observe any traffic violations, and did not have any other information indicating that Mr. Coon or Mr. Freund were engaged in criminal activities. Shortly after the seizure, Defendant Deputy Kroll confirmed that Mr. Coon was a licensed driver, that the vehicle he was driving, a 2002 Ford Expedition, was registered, and that Mr. Coon did not have any outstanding warrants. Deputy Kroll also confirmed that Mr. Freund did not have any outstanding warrants. Deputy Kroll then instructed Mr. Coon to wait and focused his attention on Mr. Freund.

16. Shortly after, Defendant Officers Kucza, Hanneman, and Sickmann arrived on the scene, at which point they actively participated in detaining Mr. Coon. Defendant Officers Kucza,

Hanneman, and Sickmann also did not observe Mr. Coon or Mr. Freund engage in any criminal or suspicious activities, did not observe any traffic violations, and did not have any other information indicating that Mr. Coon or Mr. Freund were engaged in criminal activities when they arrived.

17. The Defendant Officers then secured Mr. Freund in the back of one of the squads and turned their attention to Mr. Coon. Mr. Coon heard one of the Defendants state, referring to Mr. Coon, "What are we going to do with him?"

18. Officer Hanneman then approached Mr. Coon and started to question him. Officer Hanneman asked Mr. Coon, numerous times, whether the Officers could search his car, but, each time, Mr. Coon refused to provide consent. Officer Hanneman then subjected Mr. Coon to field sobriety and drug recognition tests, and Mr. Coon passed all of the tests. Officer Hanneman also subjected Mr. Coon to a search of his mouth, which did not reveal any contraband. Mr. Coon was respectful towards the Defendant Officers the entire time. In addition, during the entire incident, Mr. Coon did not resist, interfere, assault, or threaten the Defendant Officers in any way. Officer Hanneman's search and field sobriety tests were not supported by reasonable suspicion or probable cause of criminal activity.

19. Next, Officer Hanneman searched Mr. Coon's person. At this time, the Defendant Officers did not have reasonable suspicion or probable cause to believe that Mr. Coon was armed, dangerous, or a threat to himself or others and the Defendant Officers also did not have reasonable suspicion or probable cause to believe that Mr. Coon was engaged in criminal activity. During the search of his person, Officer Hanneman reached into Mr. Coon's pocket and seized and confiscated Mr. Coon's car keys. Officer Hanneman then ordered Mr. Coon to get into one of the squads, and Mr. Coon immediately followed the command. At this

time, the Defendant Officers did not have reasonable suspicion or probable cause to believe that Mr. Coon was engaged in criminal activity. Also, by this time, the Defendant Officers had already detained Mr. Coon for approximately 1.5-2 hours, during which time Mr. Coon was forced to stand outside in freezing weather.

20. The Defendant Officers detained Mr. Coon in the back of the squad for approximately 25 minutes. Defendant Officer Hanneman then approached the squad, opened the door, and instructed Mr. Coon to "Get the fuck out of here." Mr. Coon tried to explain that his car was parked on the street and his keys had been confiscated, but Officer Hanneman still instructed Mr. Coon to leave. Mr. Coon then exited the squad and walked away.

21. Shortly after Mr. Coon left, the Defendant Officers seized and impounded his car. On December 17, 2013, Defendants Sgt. Erlandson and City of Hutchinson initiated forfeiture proceedings against Mr. Coon's vehicle and $427 that was found in the vehicle. Mr. Coon challenged the forfeiture by filing a conciliation court action in McLeod County District Court. Defendant Sgt. Erlandson later informed the bank that financed Mr. Coon's vehicle that Mr. Coon was not challenging the forfeiture, at which point the bank took possession of and sold the vehicle.

22. As a result of the Defendants' actions, Mr. Coon suffered physical pain and discomfort as a result of being forced to stand in freezing weather for 1.5-2 hours.

23. As a result of the Defendants' actions, Mr. Coon was unlawfully detained for 2-2.5 hours and suffered loss of liberty and freedom.

24. As a result of the Defendants' actions, Mr. Coon suffered emotional distress, humiliation, shame, embarrassment, stress, fear, insecurity, upset mood, and diminished quality and enjoyment of life.

25. As a result of the Defendants' seizure of Mr. Coon's vehicle and mishandling of the forfeiture proceedings, Mr. Coon suffered financial loss of approximately $8,000.


## INJURIES SUFFERED

26. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a.  Violation of his constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures of his person and property;

   b.  Violation of his constitutional right to just compensation for the taking of his vehicle under the Fifth Amendment to the United States Constitution;

   c.  Violation of his procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution;

   d.  Physical pain discomfort, as described above;

   e.  Emotional distress, as described above;

   f.  Unlawful detention, as described above;

   g.  Financial loss, as described above.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEARCH AND SEIZURE AGAINST OFFICERS KUCZA, HANNEMAN, AND SICKMANN AND DEPUTY KROLL

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

28. Based on the above factual allegations, the Defendant Officers, through their actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution when they seized, detained, arrested, and searched Plaintiff and his property without reasonable suspicion or probable cause to believe that Plaintiff had committed a crime and when they deprived Plaintiff of his property.

29. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 – FOURTEENTH AMENDMENT DUE PROCESS VIOLATIONS AGAINST SGT. ERLANDSON

30. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

31. Based on the above factual allegations, Defendant Sgt. Erlandson, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to procedural and substantive due process of law when he deprived Plaintiff of his vehicle and made false statements to Plaintiff's bank during forfeiture proceedings.

32. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 3: 42 U.S.C. § 1983 – FIFTH AMENDMENT TAKING CLAIM

33. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

34. Based on the above factual allegations, Defendant Sgt. Erlandson, through his actions, acting under the color of state law, deprived Plaintiff of his vehicle and took it for public use without just compensation.

35. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 4: FALSE ARREST/IMPRISONMENT AGAINST OFFICERS KUCZA, HANNEMAN, AND SICKMANN, DEPUTY KROLL, CITY OF HUTCHINSON, AND MCLEOD COUNTY UNDER MINNESOTA STATE LAW

36. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

37. Based on the above factual allegations, Defendants falsely arrested/imprisoned Plaintiff. Specifically, the Defendant Officers intended to confine Plaintiff when they seized, detained, and arrested him. Plaintiff was actually and unlawfully confined by the Defendant Officers, and Plaintiff was aware that he was being unlawfully confined.

38. Defendants City of Hutchinson and McLeod County are vicariously liable for the Defendant Officers' and Deputy Kroll's false arrest/imprisonment of Plaintiff.

39. As a direct and proximate result of this false arrest/imprisonment, Plaintiff suffered damages as aforesaid.

### COUNT 5: CONVERSION AGAINST SGT. ERLANDSON AND CITY OF HUTCHINSON UNDER MINNESOTA STATE LAW

40. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth.

41. Based on the above factual allegations, Defendants deprived Plaintiff of the use of and possession of his vehicle and interfered with Plaintiff's possession of his vehicle without lawful justification.

42. Defendant City of Hutchinson is vicariously liable for Defendant Sgt. Erlandson's conversion of Plaintiff's vehicle.

43. As a direct and proximate result of this conversion, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a.  Issue an order granting Plaintiff judgment against the Defendant Officers, finding that they violated Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and that they are liable to Plaintiff for all damages resulting from these violations;

b.  Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed false arrest/imprisonment and conversion under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from these violations;

c.  Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d.  Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e.  Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f.  Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: October 15, 2014

By: s/ Zorislav R. Leyderman
ZORISLAV R. LEYDERMAN
Attorney License No. 0391286
Attorney for Plaintiff
The Law Office of Zorislav R. Leyderman
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Tel: (612) 876-6626
Email: zrl@ZRLlaw.com